Jessie Lundberg
LUNDBERG LAW OFFICE PLLC
415 N. Higgins Avenue
Missoula, MT 59802
Telephone: (406) 721-3000
Facsimile: (406) 721-5912
jessie@lundberglawyer.com
Montana State Bar No. 9641
*Attorney for Plaintiff,*
*Lekeshia Grant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | | |
|---|---|---|
| LEKESHIA GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| STELLAR RECOVERY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S COMPLAINT

Plaintiff, LEKESHIA GRANT ("Plaintiff"), through her attorneys, Lundberg Law Office, PLLC, alleges the following against Defendant, STELLAR RECOVERY, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, et seq.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

1

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Shreveport, Caddo Parish, Louisiana.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is debt collection agency headquartered in Kalispell, Flathead County, Montana.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Within one year prior to the filing of this action Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

17. On June 30, 2015, Plaintiff pulled Plaintiff's credit report and noticed Defendant reported account number XXX2076 as a charge off or collection account on Plaintiff's credit report.

18. On or about June 30, 2015, Plaintiff faxed a dispute letter to Defendant. *See* Plaintiff's letter to Defendant attached as Exhibit A.

19. On June 30, 2015, Defendant received Plaintiff's dispute letter. *See* the fax confirmation attached as Exhibit B.

20. Plaintiff's letter to Defendant included Plaintiff's full name, address, and last 4 digits of Plaintiff's social security number so that Defendant could quickly and easily locate Plaintiff's account with Defendant.

21. Plaintiff's letter to Defendant clearly and unequivocally advised Defendant that the alleged debt was disputed.

22. Despite receiving Plaintiff's dispute letter, as of August 31, 2015, to Plaintiff's astonishment, Defendant continued to report the alleged debt on Plaintiff's credit report, but did not update its reporting of the debt to include the proper notations indicating that Plaintiff was disputing the alleged debt.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

fully stated here under Plaintiff's Complaint.

24. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. §1692e(8) by failing to report Plaintiff's alleged debt to the credit reporting bureaus as disputed by Plaintiff, and

    b. Defendant violated 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LEKESHIA GRANT, respectfully requests that judgment be entered against Defendant for the following:

27. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of both the intentional and/or negligent violations of the FDCPA, in an amount to be determined at trial;

28. Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

29. Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3); and

30. For such other and further relief as the Court may deem just and proper.

DATED:  November 4, 2015        RESPECTFULLY SUBMITTED,


By: /s/ Jessie Lundberg
Jessie Lundberg
LUNDBERG LAW OFFICE PLLC
415 N. Higgins Ave.
Missoula, MT 59802
Telephone:  (406) 721-3000
Facsimile: (406) 721-5912
jessie@lundberglawyer.com
Attorney for Plaintiff